OPINION OF THE COURT
Anthony K. Pomilio, J.
This is a petition for custody brought pursuant to article 6 of the Family Court Act.
Petitioner and respondent, wife and husband, are the parents of two children, Joseph Michael, born March 1, 1976, and Paul Jeffery, born April 6, 1979.
Petitioner, a resident of Oneida County, filed this petition to obtain custody of the children on August 2, 1982. The court signed an order on August 4, 1982, directing respondent to show cause before this court on September 15, 1982, why custody of the children should not be awarded to petitioner.
On August 3,1982, respondent moved with the children, from the marital residence in Oneida County, to his parents’ home in Orange County where he has resided ever since.
Respondent was served with the order to show cause on August 23, 1982. On that same date, respondent obtained an order to show cause commencing a custody proceeding in Orange County in which he seeks custody of the children.
*739 Respondent has now moved this court, by notice of motion dated September 1, 1982, for an order pursuant to section 174 of the Family Court Act transferring the place of trial of this proceeding to Orange County. He contends that C*ieida County is an improper venue since the children, who are the subject of the proceeding, reside in Orange County. He asserts that the only proper venue for a custody proceeding is the county where the children reside.
Petitioner opposes the motion, contending that Oneida County is a proper venue for this proceeding.
Upon consideration of the affidavit and memoranda submitted by the parties, the court now decides respondent’s motion.
Section 174 of the Family Court Act provides: “The family court in a county may for good cause transfer a proceeding to a family court in another county where the proceeding might have been originated and shall transfer a proceeding laying venue in the wrong county to a family court in any county where the proceeding might have been originated.” (Emphasis supplied.)
Thus, this section contains two provisions, one requiring the court to transfer a proceeding brought in an improper venue and the other giving the court discretion to transfer a proceeding brought in a proper county, to another proper county, if good cause is shown.
Thus, it must first be determined in which county or counties this proceeding may have been properly brought.
The Family Court Act does not contain any section specifying the proper venue in which an initial custody proceeding may be commenced. In contrast, other articles of the Family Court Act contain sections prescribing the proper venue: section 521, paternity proceedings; section 717, juvenile delinquency; section 818, family offense proceedings.
This proceeding is brought pursuant to article 6 of the Family Court Act. While that article contains no general venue provision, Part 1 of that article governing permanent neglect proceedings does contain such a provision in section 613. That section provides: “Proceedings under this part may be originated in the county in which the child *740 resides or is domiciled at the time of the filing of the petition or in the county in which the parent of the child resides or is domiciled.” (Emphasis supplied.)
Thus, this section provides two alternative but equally proper venues wherein a permanent neglect proceeding can be commenced. These include the residence or domicile of the parent alone.
This indicates a legislative intent that these custody proceedings may be brought in a court where the parent resides, even if the subject child does not reside in that county.
Where the Family Court Act does not prescribe a rule of procedure for a proceeding, the court shall apply the CPLR to the extent that it is appropriate.
Subdivision (a) of section 165 of the Family Court Act provides: “Upon the effective date of the CPLR, where the method of procedure in any proceeding in which the family court has jurisdiction is not prescribed, the provisions of the civil practice law and rules shall apply to the extent that they are appropriate to the proceedings involved.”
The venue provisions of the CPLR are found in section 503. That section prescribes venue, except as otherwise provided, in any county in which any one of the parties resided at the time of the commencement of the proceeding.
The Practice Commentaries to section 174 of the Family Court Act indicate that venue, if not specified in the Family Court Act, should be as in accordance with CPLR 503.
Based upon a consideration of section 613 of the Family Court Act and applying CPLR 503 as prescribed by section 165 of the Family Court Act, this court holds that the proper venue for an initial child custody proceeding may be in the county in which either parent or the child resided at the time the proceeding is commenced.
Since petitioner resided in Oneida County when this proceeding was commenced, Oneida County is a proper venue.
The court must next determine whether respondent has shown good cause for the hearing to be transferred to *741 Orange County pursuant to section 174 of the Family Court Act.
A review of the background in this matter, with respect to .the parties’ residence, is necessary to determine whether the court should exercise its discretion to grant respondent’s motion to change venue.
The parties were married on October 4, 1975, in Oneida County, New York. Subsequently, the parties resided both in Orange County and Oneida County of the State of New York. During the four years preceding the filing of the petition, the parties’ marital residence was in Oneida County, New York. The older child, Joseph, had lived here for the last four years of his life, and the younger child, Paul, had lived here for all of his three years.
The parties resided in Oneida County until they separated on August 3, 1982. At that time, respondent took both children to his parents’ home in Orange County, where respondent now makes his residence. Petitioner remains a resident of Oneida County.
Because the parties no longer reside in the same county, one will be inconvenienced, regardless of in which county the proceeding is heard.
Upon consideration of the background and all other facts and circumstances, we find that Oneida County has the most significant contacts with the children. They have resided here for the past four years, respondent chose to make Oneida County his marital residence during the last four years. While, at present, the parties have equal rights to custody of the children, we cannot reward respondent for removing the children from Oneida County without petitioner’s consent.
Motion denied.